Morris Eder, J.
Motion by petitioner to modify and correct arbitrator’s award and to confirm the same as modified and corrected, is denied. Respondent’s cross motion to confirm the arbitrator’s award, as issued, is granted.
The record does not justify the claim of the petitioner that there was a valid submission of the “ controversy” whether the agreement permits the arbitration of discharges generally. There was some colloquy in that connection but “ colloquy ” is not a “ controversy ” or “ issue ”. It is made decidedly plain from the transcript that the petitioner declined to enter upon any other issue than the one submitted to arbitration, namely, “ Was Felicia Carter, an employee of the Company’s Seaboard Lamp Plant at Newark, New Jersey, discharged in violation of Article IV, Section 1, and Article XXII, Section 7a and b of the 1946 Agreement and modifications of the 1946 Agreement currently in effect.”
By his award the arbitrator found that said employee was discharged in violation of said articles and the sections referred to, and that she be restored to her position.
Petitioner’s brief states that there is no provision in the agreement mailing discharges, as such, subject to arbitration ; that the only disputes which are made subject to arbitration are those involving the application or interpretation of the agreement.
Article IV of section 1 is the provision that the company shall not discriminate against employees because of membership in the union. Article XXII is entitled “ Procedure on disputes,” The petitioner’s position is that respondent’s counsel insisted that the arbitrator must decide whether the agreement permitted the arbitration of discharges generally, and that the arbitrator in his opinion stated that he is accordingly making decision on the matter of the arbitrability of discharges generally. It is claimed that his decision is in legal effect, a part of his award, and must be incorporated in the document designated as his award. It claims, therefore, that the award, in its present form, is imperfect, and should be modified or corrected, to incorporate the arbitrator’s decision that discharges generally are not the subject of arbitration under the agreement, and refer to section 1462-a of the Civil Practice Act. So far as here material, it provides:
*482 “ In either of the following cases, the court must make an order modifying or correcting the award, upon the application of any party to the controversy which was arbitrated:
“ 3. Where the award is imperfect in a matter of form not affecting the merits of the controversy, and, if it had been a referee’s report, the defect could have been amended or disregarded by the court.”
It is contended by the petitioner that parties may submit to arbitration other matters than those expressly stated in the submission and when they do so are bound thereby.
This is quite correct, but the answer is that the petitioner expressly declined to submit any other issue to the arbitrator than that stipulated, quoted (supra). It is bound thereby and cannot now seek to extend the issue, as it is endeavoring to do. The remarks, comments and ruling of the arbitrator on a matter not before him to be arbitrated, are without effect. They are needless interjection, particularly in view of his express statement that the specific matter to be arbitrated under the agreement was the issue quoted (supra) and that the parties were bound thereby and that no other issue was relevant or could be resolved, which might have been touched upon during the course of the hearing. The remarks, comment and ‘ ‘ ruling ’ ’ were extra jus and they are treated as such.
The motion and cross motion are disposed of as indicated. Settle order.