In the Matter of the Arbitration between LOUIS DEMBITZER, Appellant-Respondent, and ALEX GUTCHEN et al., Respondents-Appellants.

First Department, February 11, 1957.

212

*James F. Dwyer* of counsel (*Joseph R. Crowley* with him on the brief; *Satterlee, Warfield & Stephens,* attorneys), for appellant-respondent.

*Leon Finley* of counsel (*Finley & Lillienthal,* attorneys), for respondents-appellants.

FRANK, J. In this arbitration proceeding the petitioner, Louis Dembitzer, appeals from the order of Special Term denying his motion to confirm the award, and granting the motion to vacate made by the respondents, Alex Gutchen, Isidore Lipschutz and Charles Gutwirth. The respondents cross-appeal from so much of the order as remands the proceeding, for hearing and determination on the merits, to the Arbitration Chamber of the Diamond Trade Association of America, Inc. All the litigants are members of that organization.

After a dispute arose concerning the petitioner's claim for compensation for his services in bringing the respondents together in a business opportunity involving large-scale diamond purchases in Africa, under a Gold Coast Government license, the parties by written agreement submitted the controversy to arbitration, pursuant to the rules and the by-laws of Diamond Center, Inc. (The name was subsequently changed to Diamond Trade Association of America, Inc.)

The by-laws and trade rules of the Diamond Trade Association of America, Inc., provide for an original hearing before an arbitration chamber. Thereafter " any party dissatisfied with such decision and award may take an appeal to the Arbitration Appeal Board   *   *   *   Such Arbitration Appeal Board shall then hear the entire case, and shall have the same powers and

authority with reference to this hearing as the Arbitration Chamber. * * * The Arbitration Appeal Board may either affirm, reverse, modify or amend the decision of the Arbitration Chamber or may make an entirely new decision and award and shall determine the amount of costs and expenses to be paid and by whom they shall be paid." (By-Laws, art. XI, § 6.)

The arbitration chamber rendered a decision and award denying the petitioner's claim upon the ground that it lacked jurisdiction since it found that the dispute did not arise out of or in connection with the diamond business. The petitioner promptly appealed to the arbitration appeal board and the respondents countered by an application to Special Term to stay the appeal and for other relief. Respondents' application was denied for the reason that the arbitration remedies had not been exhausted, in view of the provision for an internal appeal (4 Misc 2d 650). The determination was affirmed by this court (285 App. Div. 928).

The Arbitration Appeal Board thereupon held 18 hearings, took testimony under oath (1,209 pages), examined 45 exhibits and then rendered its decision and award in which it reversed the decision of the chamber and awarded the petitioner a substantial sum of money. The motions at Special Term which followed were consolidated and the order appealed from encompassed both.

The learned court at Special Term in vacating the award held that (a) the powers of the arbitration appeal board were prescribed and limited by the by-laws of the association and the board had no jurisdiction to determine the merits of the dispute; and (b) assuming jurisdiction in the board to pass upon the merits of the controversy, the award was imperfectly executed and the board exceeded its powers.

We hold that the board in making a *de novo* award functioned entirely within the scope of the by-laws of the association and was the medium for arbitration accepted by the parties under the agreement of submission.

Parties who submit to arbitration under the rules of an association are bound by them and where they provide for an internal appeal, new or additional proof taken by the appellate body cures the error of the arbitrators in refusing to take proof in the first instance (*Matter of Oltarsh* v. *Classic Dresses,* 255 App. Div. 532, and cases cited; *Matter of Gosschalk* [*Gerdau Co.*], 275 App. Div. 754).

It is significant that the by-laws do not empower the appeal board to remand proceedings to the chamber although that is precisely what Special Term directed.

While lawyers may instinctively react unfavorably to the idea that an appellate body should undertake to try issues *de novo,* hear witnesses and receive testimony, yet if the rules under which the submission was made so direct, such a procedure is not prohibited by statute.

The power granted to the board under the by-laws is akin to that conferred upon an appellate court by virtue of the Surrogate's Court Act (§ 309) which enables it to take proof and decide issues (see *Matter of Dayton,* 264 App. Div. 759; *Matter of Dunn,* 261 App. Div. 1040), or the power of a County Court, on an appeal from the Justice's Court, to hear and determine a case *de novo* (Justice Court Act, § 442; *Whitbeck* v. *Cacioppi,* 276 App. Div. 939).

Another compelling reason exists for this court to sustain the decision and award of the appeal board. Quite apart from the duty imposed upon the board to " hear the entire case " and its right to "make an entirely new decision and award ", the conduct of the respondents at the hearings, in failing to object to the proceedings or to reserve any rights with respect thereto, was tantamount to a complete submission of all issues in dispute. At no time was the power of the appeal board to hear the matter *de novo* questioned or challenged. Although at one point it was urged that the controversy was not one arising out of the diamond business, not once during the hearings was the objection squarely made that the merits of the controversy were for the chamber and not for the appeal board. On the contrary, counsel for the respondents argued the merits and the proper measure of damages. From the record it is manifest that the parties all recognized and conceded that the board was taking the proof *de novo* on the merits and would render a decision and award thereon, and that they accepted as a fact the right of the board so to do. No doubt is left that all the questions raised were submitted to the appeal board by all the parties involved.

The parties by their agreement selected the method of arbitration prescribed by the association. Unless invalid upon the grounds specified in the Civil Practice Act, the award in the forum of their choice was final and conclusive and a court may not disturb it for error, either of fact or law. (*Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341; *Matter of Wilkins,* 169 N. Y. 494, 496; *Matter of Campe Corp.* [*Pacific Mills*], 275 App. Div. 634; *Matter of Pine St. Realty Co.* v. *Coutroulos,* 233 App. Div. 404; *Matter of Wheat Export Co.,* 185 App. Div. 723, affd. 227 N. Y. 595; *Matter of Shirley Silk Co.* v. *American Silk Mills,* 257 App. Div. 375, 377; *Bernhardt* v. *Polygraphic Co.,* 350 U. S. 198, 203; *Wilko* v. *Swan,* 346 U. S. 427, 435–438.)

It is urged that the decision and award was imperfectly executed and therefore was properly vacated pursuant to the Civil Practice Act (§ 1462, subd. 4). Stripped of rhetorical incrustation, the argument is that the award lacked finality and definiteness in that the petitioner was not barred from seeking additional compensation or damages because the award was not specifically declared to be on the basis of brokerage, *quantum meruit*, finder's fees, or upon the other claims made.

The answer to the contention, it seems to us, is quite clear. The submission agreement recites that the petitioner brought the respondents together " in view of an important business deal " and was " entitled to a brokerage fee." The respondents certified that they were " only willing to compensate Mr. Dembitzer for work done in bringing the parties together." All agreed " that the above controversy be submitted for decision ". One of the respondents testified that in his own mind he thought the petitioner should have between $5,000 and $10,000. Thus the issue of the petitioner's compensation was raised. The proof was in sharp dispute with respect to the business transacted by the respondents, through their corporate entity, in the Gold Coast venture, including its volume, duration and extent, the profits derived, and the monetary value thereof. The board found, " That the dispute between the parties herein is of a commercial character, arises out of and is connected with the diamond business * * * That petitioner-appellant, Louis Dembitzer, is entitled to compensation for the services rendered by him to respondents-appellees as aforesaid; and That Eighty Four Thousand ($84,000.) Dollars is the fair and reasonable value of the services so rendered by petitioner-appellant Louis Dembitzer. We hereby award to Louis Dembitzer the sum of Eighty Four Thousand ($84,000) Dollars to be paid to him forthwith by Messrs. Alex Gutchen, Isidore Lipschutz and Charles Gutwirth, *in full settlement of all claims and demands made by him upon them herein and of all controversies submitted to our determination.*" (Emphasis supplied.)

It is evident from the record and from the decision and award that all the issues in dispute between the parties were submitted to the board and were determined by it. There was no requirement upon the board to classify or explain the grounds of the award. When disputants proceed to arbitration they waive the application of the rules of evidence and submit questions of law to interpretation by the arbitrators. (*Matter of Spectrum Fabrics Corp. [Main St. Fashions]*, 285 App. Div. 710; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.]*, 1 A D 2d 659.)

216

Even if there were merit to the contention (which we do not find) that the agreement did not encompass the issues decided, parties may submit other matters not expressly stated in the agreement to the arbitrators and are bound thereby (*Matter of General Elec. Co. [United Elec. Radio & Mach. Workers]*, 4 Misc 2d 480, affd. 274 App. Div. 767).

Holding as we do that the decision and award was within the frame of the submission, the determination of the Appeal Board should not be impeached even if there were misconceptions of law (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.*, 252 N. Y. 284, 302).

A judgment entered upon this award would be *res judicata* of all matters between these parties submitted to and determined by the arbitrators. (*Matter of Springs Cotton Mills [Buster Boy Suit Co.]*, 275 App. Div. 196, 200; 6 C. J. S., Arbitration & Award, § 97, p. 243.) The petitioner has so recognized it and upon the argument of this appeal offered to provide the respondents with an appropriate general release.

So much of the order at Special Term as denies the motion to confirm the award should be reversed and the motion granted, and so much of the order as grants the motion to vacate and remands the matter to the chamber should be reversed and the motion therefore denied, with costs to the petitioner-appellant. Settle order.

PECK, P. J., BOTEIN and RABIN, JJ., concur.

Order, insofar as it denied the motion to confirm the award, unanimously reversed and the motion granted. Order, insofar as it grants the motion to vacate and remands the matter to the chamber, unanimously reversed and the motion denied, with costs to the petitioner-appellant. Settle order on notice.