Elbert T. Gallagher, J.
Petitioner’s motion to confirm an arbitration award is opposed on the ground that such award was without the powers of the arbitrators.
The contract out of which this matter arose provided that respondent would manufacture certain items then produced by petitioner and to that end petitioner would deliver to respondent certain equipment, inventories and patents. Respondent was to pay for the inventories. Profits were to be shared. Petitioner was given an option to purchase shares of respondent’s stock, and respondent was given an option to purchase petitioner’s business, and to pay therefor with stock in respondent. The contract further provided that any controversy “ relative to prices, values or considerations ” or “ differences with respect to the interpretation of its terms ” would be submitted to arbitration.
In due course, petitioner filed a demand for arbitration, asking for an award compelling respondent to account for petitioner’s inventory used and not paid for, to perform its agreement to purchase its business from petitioner and issue stock therefor in proper amount, to arbitrate any other issues arising out of the contract, and to “comply with this arbitration as is contemplated by the contract ”.
In its answer, respondent resisted this demand on various bases, including fraud in the inducement, but not including the ground that the demand framed issues and requested relief not contemplated by the arbitration clause. Later, an order of the Supreme Court issued, granting petitioner’s motion “ to compel arbitration of the controversies ” between the parties, and ordering arbitration of the issue as to damages sustained by respondent. Subsequently, respondent filed a second answer and an amended answer in the arbitration proceeding, raising-in neither any question as to the excessively comprehensive wording in the demand for arbitration. The minutes of the arbitration hearing are not before the court.
The award denied respondent’s claim for damages, and ordered respondent to purchase petitioner’s business and to make payment therefor with 447,887 shares of respondent’s stock.
The law is well established that the power of arbitrators is limited by the terms of the submission, and that an award which exceeds the scope of the submission will be vacated. The arbitrators may not write a new contract for the parties without *999 such parties ’ consent, nor may they assume authority by merely deciding that they have it. (Matter of Western Union Tel. Co. [American Communications Assn.], 299 N. Y. 177; Dodds v. Hakes, 114 N. Y. 260; Halstead v. Seaman, 82 N. Y. 27; Civ. Prac. Act, § 1462, subd. 4.)
However, the parties may waive their rights to claim that an award exceeds the power of the arbitrators, or they may confer on the arbitrators the power to determine issues not contemplated by the original submission. (Matter of Priore v. Schermerhorn, 237 N. Y. 16, motion for reargument denied, 237 N. Y. 564; Matter of General Elec. Co. [United Elec., Radio & Mach. Workers of America], 4 Misc 2d 480, affd. 274 App. Div. 767, motion for leave to appeal denied, 274 App. Div. 875; Matter of Harnick [Buffalo Brake Beam-Acme Steel & Malleable Iron Works], 127 N. Y. S. 2d 308; Matter of Plymouth Rock Transp. Corp. [O’Rourke], 114 N. Y. S. 2d 160; Matter of Nelson [Bestform Knitwear Corp.], 87 N. Y. S. 2d 353.)
With respect to the award now under consideration, it is clear that the contract’s arbitration clause did not give the arbitrators power to grant the sweeping relief contained in the award. Respondent had the option to purchase the business, but was under no obligation to do so, and the direction in the award that respondent buy and pay for the business was obviously without the arbitrators’ power to make.
The court order did not confer on the arbitrators any greater power than they were given in the contract. The phrase in the order, " arbitration of the controversies ”, referred to the controversies contemplated by the contract, and did not enlarge the field of matters which the parties had agreed to arbitrate.
Whether the parties, by their actions, conferred on the arbitrators jurisdiction to make the award presents a more troublesome question. Most of the demand, to the wording of which respondent did not object, is couched in language so broad as to invest the arbitrators with almost unlimited power, but in the last item of relief demanded, reference is made to “ arbitration as is contemplated by the contract ”. The court’s opinion is that respondent was entitled to rely on this language as limiting the scope of the demand, and was entitled to expect an arbitration only as to such issues and relief as were permissible under the contract’s arbitration clause. The court concludes that the award exceeded the scope of the submission. Motion denied and award vacated.
Submit order on notice.