Arthur G. Klein, J.
Motion for an order quashing or modifying a subpoena issued by the petitioner’s attorney in the arbitration proceeding, is disposed of as follows: the petitioner union entered into a collective bargaining agreement with the respondent manufacturing company, whereby working conditions, rates of pay, etc., were feed. The agreement provided inter alia for arbitration of ‘ ‘ any dispute or difference * * * between the Employer and the Union as to the meaning, application, performance or operation of any provisions of this agreement A dispute did arise between the parties concerning alleged improper activities on the part of the employer in shipping merchandise directly from its manufacturing plants to retail outlets and bypassing its warehouse in New York City. Arbitration proceedings were commenced and during the proceeding a question arose as to the union’s right to investigate the respondent’s records.
This controversy revolves around the interpretation of a clause of the agreement which provides that “ the Union shall have the right at all reasonable times and upon reasonable notice * * * to investigate only the payroll books and records and cash disbursement books of the Employer pertaining to the Employees covered hereunder.” (Emphasis supplied.) It must be noted that several of the words in the last-quoted section were interlineated in the agreement in ink and that the typewritten agreement, as originally submitted, empowered the union to investigate “ such books and records of the Employer as are necessary in order to ascertain whether the provisions of this agreement are being fully complied with.” That paragraph of the agreement concludes with the statement that “ an Arbitrator shall have the right, upon his own motion, to institute any such investigation.” During the arbitration, the subpoena herein attacked was served. This subpoena calls upon the respondent to produce all its books and records, papers and memoranda of all kinds which contain information as to the merchandise manufactured for and on behalf of respondent and shipped to retail stores.
The respondent contends that insofar as the subpoena calls for the production of books, in addition to those specified in clause 23 above quoted, it is improper, and that, insofar as the arbitrator derives his powers solely from the contract between the parties, any order by the arbitrator cannot direct respondent to produce books beyond those it obligated itself to produce under the agreement. The union, however, contends that the clause quoted above refers only to investigations by the union at any reasonable time and that it was not intended to limit *915 the powers of an arbitrator in a proceeding to seek evidence of all types pertinent to the controversy before him. During the course of the arbitration, the arbitrator stated that ‘ ‘ his rights are not subject to the collective bargaining agreement.” However, an arbitrator cannot assume powers not granted to him by contract and though procedural questions arising during the course of arbitration are to be decided finally by the arbitrator, an arbitrator may not hoist himself by his own boot straps by deciding that he has powers beyond those afforded in the agreement (Matter of General Fuse Co. [Sightmaster Corp.], 7 Misc 2d 997, revd. on other grounds 5 A D 2d 1013).
The union’s argument would have greater force if the agreement did not specifically provide for the arbitrator’s right to inspect books in the paragraph above quoted. By that inclusion of a grant of power to the arbitrator, a restriction of the arbitrator’s powers was also effected and he was made subject to the limitations expressed in the paragraph. Once the parties decided to include a grant to the arbitrator of power to investigate respondent’s books, he could have, had they so desired, made that power unlimited. However, once restrictions were placed thereon, they may not be ignored by the arbitrator. Accordingly, the subpoena will be modified requiring respondents to produce only those books and records specified in the agreement.