### (October 7, 1963)

■ DAVID O. ASHBEE, Respondent, v. PETER J. BRUNIE, Individually and as President of Local Union No. 816, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, et al., Appellants.— In an action to direct the defendants, a labor union and the trustees of its pension fund, to pay to plaintiff a pension from the date of his retirement, the defendants appeal from so much of an order of the Supreme Court, Westchester County, entered December 4, 1961, as denied their motion for summary judgment. Order, insofar as appealed from, affirmed, without costs. On the record before

us we are required to accept as fact the following: Plaintiff, as a self-employed trucker, was a member of the defendant union from 1935 to the date of his retirement in 1958. From 1954, as an employer, he made payments into the union's welfare and pension fund. This fund had been created by virtue of bargaining agreements which, as an employer, plaintiff was required to sign, although the agreements were for the benefit of himself as an employee. He was given a certificate showing that, as part of the welfare benefits, he was entitled to life insurance. So far as appears from the union constitution and by-laws, the only distinction made between the plaintiff and those union members who did not own trucks, related to credit for seniority. Despite the trustees' acceptance for years of the plaintiff's contributions for pension benefits, the trustees, under the trust agreement relating to maintenance and regulation of the pension fund, deem plaintiff to have been sufficiently recompensed by the refund of his contributions. The resolution of the issue involved depends largely upon the construction of the term "employee" as used in the trust agreement. That, in turn, depends primarily upon the use of that term in connection with union membership. Under the circumstances, proof as to the practical construction of the agreement by the parties would be admissible. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.