Fuchsberg, J.
(dissenting). The plaintiff brought this action for a judgment declaring that he is eligible for pension benefits from the pension fund of Local 445 of the International Brotherhood of Teamsters. Defendants, trustees of the fund, moved for summary judgment, and plaintiff cross-moved for the same relief. Trial Term denied both motions. Only the defendants appealed. The Appellate Division, Second Department, affirmed, two Justices dissenting.
Starting in 1951, plaintiff was self-employed as the owner-operator of a coin-machine vending business. In April of 1958, though his status as a private entrepreneur was unchanged, he joined Local 445 and paid dues to it until March 29, 1967, when he retired as an owner-operator and became an employee of a so-called "contributing employer” to the pension fund. Before then, since he had been an owner and not an employee of such a contributing employer, he made no contributions to the pension fund.
On April 1, 1967, the union entered into a collective bargaining agreement with employers who were members of an organization of coin-machine operators known as New York State Operators Guild, Inc. It provided as follows: "In order, for an employee or participant in the Pension Fund to receive past service credit, he must be credited with at least , a minimum of one year of credited service in the form of employer contributions to the Fund during the 18 months following April 1, 1967. Past service will be granted for service in the Vending Machine Industry under the jurisdiction of Local 445 prior to April 1,1967.”
*750 When the plaintiff applied for pension benefits in December, 1970 he had accumulated only the 18 months of future (post-April 1, 1967) service credits in the form of contributions from his employer. For past (pre-April 1, 1967) service credits, he relied on the collective bargaining agreement’s sentence that read "Past service will be granted for service in the Vending Machine Industry under the jurisdiction of Local 445 prior to April 1, 1967”. The trustees, in finding him ineligible for a pension, ruled, however, that during the period when he was self-employed he was not engaged in service "under the jurisdiction of Local 445” and had, therefore, not earned the required past service credits. This was not an ad hoc ruling. As the trustees pointed out, in the past the sentence "always had been deemed to refer to service as an employee in a category for which the union collectively bargained”.
In making their decision, the trustees acted under section 5 of article IV, of the rules and regulations qf the pension fund, which provided: "The Trustees shall be the sole judges of the standard of proof required in any case. In the application and interpretation of this Pension Plan, the decisions of the Board of Trustees shall be final and binding on all parties, including Employees, Employers, the Local Union, and Pensioners or their Executors, Administrators and Beneficiaries.”
In an attempt to reach beyond the trustees’ afore-mentioned application and interpretation of the clause in question, plaintiff and an attorney for the guild asserted that the fair import of oral statements made during the collective bargaining negotiations which preceded the agreement, at a time when two of the fund’s six trustees were serving as representatives of the union, give support to plaintiffs interpretation. It is noteworthy that plaintiff has not offered the slightest bit of evidence that the alleged comments by the two trustees were made either in the course of their duties as such or with the authority of the board of which they were members.
In any event, plaintiff has not sued for fraud. He has not sought reformation of the written contract. In the absence of either, or of other exceptions not pertinent here, it is, of course, basic that the language of the written agreement here may not be varied by parole evidence. (Richardson, Evidence [10th ed], §§ 606, 609.)
Furthermore, to rely on such evidence to impede the granting of summary judgment not only frustrates that salutary procedure but, in the factual setting here, is, I respectfully *751 suggest, particularly poor policy. For labor negotiations, unlike more conventional and less turbulent business transactions, are often conducted under tense and contentious conditions, as often as not in the face of ongoing or threatened labor-management strife. To permit unguarded and unauthorized statements evoked in the give and take of such circumstances to form the basis for collateral attack on written agreements is to seriously jeopardize their stability. All the more is that so when the ultimate objective of the attack, as here, is a pension fund whose very solvency may be undermined by circumventing the law’s safeguards against unfounded claims. Moreover, the parties themselves here have, in effect, bound themselves to prevent such assaults by the underlying provision for finality of the trustees’ decisions, which are to be accorded at least the finality of arbitration decisions, with which we do not interfere "Save for 'complete irrationality’ ” (Lentine v Fundaro, 29 NY2d 382, 383).
Above all, no evidentiary facts have been shown on which to posit any claim of bad faith or arbitrariness on the part of the trustees, unless it be to assert a difference from their interpretation of the clause. But it was the trustees who had the sole power to interpret it and, as we made clear in Gitelson v Du Pont (17 NY2d 46, 49), in such circumstances, a decision by the board of trustees of a pension plan, when it is vested with sole authority to determine matters of pension eligibility, as here, is "final and conclusive”.
Finally, it should be pointed out that, in Ashbee v Brunie (19 AD2d 826), on which the majority below relied, unlike the present case, there existed equitable considerations arising out of the acceptance by a pension fund of the contributions by a plaintiff personally over a number of years despite the knowledge that he was self-employed.
Accordingly, there should be a reversal and a granting of defendants’ motion for summary judgment.
Order affirmed, etc.