Breitel, J.
In a proceeding to confirm and on cross motion to modify an arbitrators’ award, the issue turns on the power of arbitrators to direct an unequal distribution of the assets of a partnership upon dissolution despite provision in the partnership agreement for an equal distribution.
Special Term modified the arbitration award to provide for an equal distribution of assets among the partners. The Appellate Division reversed, confirming the arbitrators’ award.
The order of the Appellate Division should be affirmed. Save for “complete irrationality ”, arbitrators are free to fashion the applicable rules and determine the facts of a dispute before them without their award being subject to judicial revision.
In 1964 petitioners Lentine and McErlean entered into a partnership agreement with defendant Fundaro to own and operate a large apartment building in Brooklyn. When petitioners sued to dissolve the partnership the matter was referred to arbitration pursuant to the broad arbitration clause of the agreement. The arbitration was conducted in accordance with the rules of the American Arbitration Association as specified in the arbitration clause.
After extended hearings, the arbitrators issued an award on March 11,1968 to dissolve the partnership. The Supreme Court confirmed this award on September 16, 1968, and referred the matter back to the same arbitrators to determine the interests of each of the partners.
The partnership agreement provides:
“ 2. Capital. The capital of the partnership shall consist of the real estate, building and improvements at 1850-82nd Street, *384 Brooklyn, New York, subject to the existing first mortgage. Bach of the partners shall have an equal one-third interest in such assets of the partnership.
* # #
‘ ‘ 6. Liquidation. In any liquidation of the partnership, or in any partial distribution of its assets the following formula shall apply: All distribution shall first be made in proportionate discharge of the undrawn earnings of the respective partners. Distribution shall then be made equally among all of the partners.”
Notwithstanding these provisions, the arbitrators’ award directed distribution of the assets as follows:
“a. To pay all debts of the partnership as determined by the receiver.
“ b. That the sum of Ninety Thousand Dollars ($90,000.00) be paid to the Bespondent, Fundare as reimbursement for his Capital contribution, less the sum of Fourteen Thousand Bight Hundred Eighty Bight Dollars ($14,888.00) as unaccounted-for rent receipts.
“ c. That the sum of Twenty Bight Thousand Dollars ($28,-000.00) be paid to each of the Petitioners, Lentine & McErlean, as a refund of their Capital contribution in connection with the construction of the building.
“ d. That the remainder be divided into three equal parts, and paid to each party in the case.”
In a subsequent clarification the arbitrators stated that the distribution of capital directed in paragraphs “ b ” and “c” reflected the actual initial capital contributions of the partners.
In reversing the Special Term order and confirming the arbitrators’ award, the Appellate Division held that under CPLB 7511 the award might not be vacated for errors of law or fact. It also held, evidently as an independent ground, that the partnership agreement was ambiguous, and that the arbitrators were empowered, therefore, to look outside the agreement to determine the shares to be distributed in dissolution. For the reasons given below it is not necessary or proper to determine whether the partnership agreement was ambiguous.
The arbitrators were required to interpret and apply the partnership agreement. The capital contribution of the limited partner, Fundaro, was greater than that of petitioners. More *385 important, there is evidence that petitioners, as the events turned out, did not contribute the full amounts of capital recited in the partnership agreement. Petitioners obtained a loan as planned and intended for the benefit of the partnership using the real property as collateral, but thereafter allegedly diverted parts of the funds to other buildings not owned by the partnership. Without stating that the written agreement was ambiguous, the arbitrators based the award on actual contributions to the partnership, rather than dividing the assets equally.
Absent provision to the contrary in the arbitration agreement, arbitrators are not bound by principles of substantive law or rules of evidence (Matter of Granite Worsted Mills [Cowen], 25 N Y 2d 451, 455; Matter of Burt Bldg. Materials Corp. [Local 1205], 18 N Y 2d 556, 558; Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 336-337; Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383; Matter of Wilkins, 169 N. Y. 494, 496-497, 499; Fudickar v. Guardian Mut. Life Ins. Co., 62 N. Y. 392, 399-400; Perkins v. Giles, 50 N. Y. 228, 231; Matter of Colletti [Mesh], 23 A D 2d 245, 248, affd. 17 N Y 2d 460; Matter of Spectrum Fabrics Corp. [Main St. Fashions], 285 App. Div. 710, 714-715, affd. 309 N. Y. 709; M. Domke, The Law and Practice of Commercial Arbitration, pp. 312-315). Hence, the arbitrators, in an attempt to find a just solution to the controversy, might consider the inequality of the capital contributions, especially if the inequality were contrary to the partnership understanding, despite lack of ambiguity in the partnership agreement (see Matter of Granite Worsted Mills [Cowen], supra, at pp. 456-457, where the court vacated an award of damages expressly excluded by an agreement as being in excess of power). Even if the arbitrators chose to apply the rule that parol evidence may not be considered unless the written document is ambiguous, an award will not be set aside, for misapplication of the rule (Matter of Schine Enterprises [Real Estate Portfolio of N. Y.], 26 N Y 2d 799, 801).
An award may be vacated under CPLR 7511, it has been stated or held, where the construction of a document is “ completely irrational ” (Matter of National Cash Register Co. [Wilson], supra, at p. 383), or where the document expressly limits or is construed to limit the powers of the arbitrators, hence, narrowing the scope of arbitration (Matter of Granite Worsted Mills
*386 [Cowen], supra, at pp. 456-457). In this case it is neither ‘ ‘ completely irrational ’ ’ nor otherwise forbidden to make an award which gives effect to that part of the partnership agreement providing for an equal division of assets as impliedly conditioned on full discharge by each partner of his promised capital contribution. Indeed, in a proper case, the arbitrators might rationally refuse to apply the provision unless the original contributions were in fact equal, because otherwise the result would be unjust and violate the spirit of the agreement. Arbitrators may do justice. It has been said that, short of ‘ ‘ complete irrationality “ they may fashion the law to fit the facts before them ” (Matter of Exercycle Corp. [Maratta], supra, at p. 336; see, also, Matter of Spectrum Fabrics Corp. [Main St. Fashions], supra). It should be emphasized that, in the instant arbitration, once the arbitrators took account of the initial contributions to reflect the intent and spirit of the partnership agreement, the remainder of the assets were directed to be distributed equally. In short, the arbitrators, evidently, may have taken cognizance of the diversion of partnership financing to nonpartnership buildings as respondent Fundare, the limited partner, contended had occurred.
In this case there is no allegation or inference of misconduct by the arbitrators, a classical ground for upsetting an award (CPLB 7511, subd. [b], par. 1, cl. [i]). The arbitrators appear to have generously interpreted the written agreement in order to avoid doing an injustice. Given the power of arbitrators to decide without being bound by the substantive rules of law, their award may not be said to be either an excess of power or an act of misconduct under the limited statutory grounds for undoing an award (CPLB 7511).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fold and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Order affirmed.