■  In the Matter of BRITISH OVERSEAS AIRWAYS CORPORATION, Respondent, v. INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO ("IAM") et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered January 4, 1972, vacating part of an arbitration award affirmed.  Respondent shall recover of appellants $50 costs and disbursements of this appeal.  In directing the promotion of the employee, the arbitrator exceeded his powers, and gave to Flowers, regardless of his qualifications, a preference over fellow employees who may be equally or even more qualified.  And the matter of actual qualification should be left with the employer, particularly in the aviation area, where public safety is very much involved.  The only issue intended to be submitted, based on the agreement, and the only arbitral issue to be determined was whether petitioner could fill the vacancy by a hiring from outside the company.  That part of the award directing the employee's promotion to operations assistant, deleted by Special Term, was not within the ambit of the submission and consequently was in excess of the authority conferred on the arbitrator.  Thus, we affirm on the basic principle that a party may not unwittingly be dragged into an arbitration in the absence of his consent.  (*Matter of ITT Avis* v. *Tuttle,* 27 N Y 2d 571.)  A mere peripheral discussion of a matter does not bring it within the range of arbitration.  (*Matter of General Elec. Co.* [*United Elec., Radio & Mach. Workers of Amer.*], 4 Misc 2d 480, 689, affd. 274 App. Div. 767.)  Concur — McGivern, J. P., Kupferman and Murphy, JJ.; McNally and Eager, JJ., dissent in the following memorandum by Eager, J.: The arbitrator by his award determined that the "grievance of Roy Flowers [the employee] is sustained.  He shall be promoted to Operations Assistant effective on the date the position was filled by a new hire, and he shall be made whole for any loss due to the Company's failure to promote him." The petitioner-employer contended that, in making the award, the arbitrator exceeded his powers, and Special Term modified the award, holding that "the sole issue to be determined by the arbitrator related to whether or not the petitioner could fill the vacancy in question from the outside.  *  *  *  In directing the appointment of the employee without regard to whether or not he was qualified, the arbitrator has in effect changed the agreement of the parties." We conclude, however, that the arbitrator, on a determination of all submitted issues, was fully empowered to include in his award the equitable relief that the employee be promoted to the position of operations assistant.  The grievance, as framed by the parties for submission to arbitration, was very broadly worded.  The parties expressly agreed that the arbitrator should determine: "Was I, Roy Flowers, unjustly dealt with, and if so what is the remedy?" Specifically, under the wording of the arbitrable issue, the questions submitted were whether or not the particular employee had been "unfairly dealt with" and what was the "remedy" that should be awarded to him.  The issue was not merely one, as contended by the employer, limited to a determination of

the question whether, generally, the operations assistant position was in the nature of a supervisory job requiring the employer to offer the job first to the present employees before hiring "from outside". The parties were concerned with the rights of a particular employee, Roy Flowers, and the question submitted was framed to determine his rights and the remedy to be awarded to him. The authority expressly conferred upon the arbitrator to fix a remedy conferred upon him the power to award such relief as he deemed appropriate and just under the circumstances, including the incidental right to determine whether, under all the circumstances and with due regard to the employee's qualifications, he should be given the advantages of the particular position. Particularly, in the arbitration of labor grievances, it is well settled that, unless limited by the plain terms of the submission, the arbitrator is empowered to grant any relief reasonably fitting and necessary to the final determination of the matter submitted to him; and this includes the granting of equitable relief for the direction of the reinstatement, hiring, or classification of a particular employee in a particular position. (See, e.g., *Steelworkers* v. *Enterprise Corp.*, 363 U. S. 593, 597; *Matter of Feuer Transp.* [*Local Union No. 445*], 295 N. Y. 87, 92; *Matter of Staklinski* [*Pyramid Elec. Co.*], 6 A D 2d 565, 569, 570, affd. 6 N Y 2d 159.) Furthermore, if there were any ambiguity about the scope of the arbitral issues, we would construe the agreement of the parties broadly to the end that the arbitrable proceedings shall completely dispose of the issues between the parties. As very recently stated: "The very broad limits of arbitrability envisioned in CPLR 7501, as reflected in *Matter of Exercycle Corp.* (*Maratta*) (9 N Y 2d 329), forbid any judicial interference with disputes logically connected with the agreement. To say that such disputes must arise literally and directly out of the agreement in order to be arbitrable would be to turn back to a practice of judicial control clearly forsworn in *Exercycle*. In *Merrill Lynch, Pierce & Smith* v. *Griesenbeck* (28 A D 2d 99, affd. 21 N Y 2d 688), too, the broader, less literal approach was taken." (*Matter of Blum Folding Paper Box Co.* [*Raften*], 27 N Y 2d 35, 38.) Moreover, if there be any doubt as to whether the particular issue with relation to an employee grievance is embraced within a submission, the doubt should be "'resolved in favor of coverage'" (*Matter of Fitzgerald* [*Gen. Elec. Co.*], 23 A D 2d 288, 290, affd. 19 N Y 2d 325). In the matter of arbitration of labor grievances, "It is only where the parties have employed language which clearly rebuts the presumption of arbitrability, e.g., by stating that an issue either as to procedure or as to substance is *not* to be determined by arbitration, that the matter may be determined by the courts." (*Matter of Long Is. Lbr. Co.* [*Martin*], 15 N Y 2d 380, 385.) The court is bound to construe the arbitration agreement most liberally to the end that all matters in controversy between the employer and employee be put at rest. (See, particularly, *Matter of Howard & Co.* v. *Daley*, 27 N Y 2d 285.) In any event, any doubt as to the scope of the submission was clarified by the arbitrator at the outset of the arbitration hearing and before the taking of testimony. The arbitrator stated: "There are two questions that I see arising in this case. One is: Is operations assistant a supervisory job which would bring it within the purview of IX(J) and would mean that an employee covered under this contract does have the right to bid into it * * * And the second question would be the ordinary one, qualifications and so on, if it is a supervisory job." And the representative for the employer, thereupon tacitly agreeing to the submission of the questions as framed by the arbitrator, said: "I think first you have to find that it is a supervisory job before you can get into qualifications." Then, as a matter of fact, the employer's repre-

sentative on the hearing did question the employee as to his qualifications for the particular promotion. Actually, the modification by Special Term of the award renders it a nonfinal and indefinite award in that, as amended, it does not respond to that part of the submitted question: "what is the remedy". It is well settled that an award as rendered should be final and embrace all matters submitted to the end that the parties shall not be remitted to a new controversy, a further arbitration or a lawsuit. The parties may be assumed to have so intended. (See *Hiscock* v. *Harris,* 74 N. Y. 108, 113; *Velveray Corp.* v. *Simon,* 130 N. Y. S. 2d 839, 840.) An award should be given the effect of a final and conclusive determination as to items and phases of the claim and controversy submitted, whether or not fully litigated before the arbitrators. The employer was given full opportunity to present its case in view of the issues as expressly outlined by the arbitrator and did question the employee as to his qualifications. The employer should be and is bound by the award and may not relitigate the issue of the employee's remedy, including his right to the particular position. A court may not divest the award of finality in the absence of the existence of a statutory ground for modification or vacatur thereof. (See *Matter of Granite Worsted Mills* [*Aronson Cowen, Ltd.*], 25 N Y 2d 451, remittitur amd. 26 N Y 2d 842; *Matter of Shevell* [*Besen*], 29 A D 2d 751; *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, 342–343, affd. 3 N Y 2d 806.) Here, inasmuch as the award was well within the ambit of the submission, Special Term lacked power to vacate it. The majority memorandum, in adopting the contention of the employer and without any attempt to justify its position, incorrectly limits the arbitral issue to "whether petitioner could fill the vacancy by a hiring from outside the company." This position of the majority, assumed without explanation, is taken without regard to the agreement of the parties and the proceedings before the arbitrator and without giving any consideration to the liberal rules applicable under the authorities cited above. In accordance with the foregoing, the judgment herein should be reversed and vacated on the law, and judgment entered herein dismissing the petition and confirming in all respects the award as rendered by the arbitrator.