Joseph F. Gagliardi, J.
Petitioner moves for an order staying arbitration. The factual background herein is undisputed. On October 7, 1971 petitioner, the Board of Education, and respondent, the collective bargaining agent, entered into an agreement. Article XXI, B.l thereof provides that “Probationary period will be maximum of three (3) years ”. This *622 provision was not a subject of separate negotiation for the school year in question and had been incorporated in all prior contracts. Unbeknownst to the parties, subdivision 1 of section 3012 of the Education Law had been amended on April 9, 1971, effective May 9, 1971 which changed the former probationary period of three years to five years. Thereafter, petitioner informed all the teachers in its system that effective September 1, 1971 the probationary period would be five years. Respondent presented a grievance which was rejected by the Hearing Officer on January 17, 1973. Petitioner affirmed the Hearing Officer’s determination on April 1, 1973. Respondent thereafter sought arbitration pursuant to the terms of the collective bargaining agreement.
Petitioner contends that the matter is not arbitrable because the arbitrator cannot require petitioner to perform an obligation prohibited by law. Indeed, the agreement itself provides that the award shall be binding “ to the extent permitted by law ” (art. VI, § 5.4 [f]).
_ Language contained in collective bargaining agreements regarding arbitration should be construed most broadly and in favor of arbitrability (Matter of Howard & Co. v. Daley, 27 N Y 2d 285). Exceptions to the aforesaid general rule exist particularly where “ the performance which is the subject of the demand for arbitration is prohibited by statute ” (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 335). “ Of course, ‘ an award may not be confirmed if it directs an act which would violate the criminal and civil law ’ (Matter of Mantell [Unipak Aviation Corp.], 28 A D 2d 1134), contravene ‘ major public policy ’ (Board of Educ. Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington, 36 A D 2d 753, mod. 30 N Y 2d 122) or violate constitutional provisions (Matter of Teachers Assn. [Bd. of Educ.], 61 Misc 2d 492, revd. other grounds 34 A D 2d 351) ” (Matter of Clarkstown Teachers Assoc., Ind. No. 4538/70, p. 10 [Sup. Ct., Rockland County., Gagliardi, J.]). Where the item subject to arbitration is contrary to public policy or violates a statute an award thereunder must be vacated (Matter of Associated Teachers of Huntington v. Board of Educ. Union Free School Dist. No. 3, 40 A D 2d 122; Matter of National Equip. Rental [Amer. Pecco.Corp.], 35 A D 2d 132, affd. 28 N Y 2d 639). By a parity of reasoning, where the award would require á party to perform an illegal act, the demand for arbitration will be stayed (Matter of Kramer v. Uchitelle, Inc., 288 N. Y. 467).
The situation sub judice does not present an issue that the claim of illegality is merely arguable and for the arbitrator in the *623 first instance (Matter of Glekel [Gluck], 30 N Y 2d 93; Matter of Clarkstown Teachers Assoc., supra). The statute as amended is clear and explicit. That it affects a change in the conditions of employment cannot be gainsaid but it is beyond the power of petitioner to reduce the statutory time period substantially below the new five-year period (Board of Educ., Union Free School Dist. No. 3, Town of Huntington v. Associated Teachers of Huntington, 30 N Y 2d 122, supra). The court uses the phrase “ substantially below the new five-year period ’ ’ because the Court of Appeals in Matter of Weinbrown v. Board of Educ., Union Free School Dist. No. 15, Town of Hempstead (28 N Y 2d 474) indicated that tenure may be offered prior to the expiration of the former probationary three-year period, to take effect on the expiration date, and upon acceptance prior thereto is binding on the employer. The rationale of Weinbrown is that teachers should be notified at some reasonable period of time prior to expiration of the probationary period of their status so as to enable them to make appropriate plans for the forthcoming school term. The amended legislation does not affect the result in Weinbrown nor does it alter the rule that absent an offer and acceptance of tenure prior to expiration of the statutory period, the probationary period must be served (Matter of Mulholland v. Board of Educ. of Yorktown Cent. School Dist. No. 2, 70 Misc 2d 852).
Accordingly, respondent’s demand for arbitration that the new statutory five-year period be contractually reduced to three years must be stayed. The subject is beyond the power of petitioner to agree to and, therefore, not an arbitrable item.