■ In the Matter of FORTUNATO ALBERTI, Petitioner, v. COUNTY OF ERIE et al., Respondents.— Determination unanimously modified and as modified confirmed, without costs, and matter remitted to Erie County Grievance Board for further proceedings in accordance with the following memorandum: Petitioner was hired as a mathematics and chemistry professor at the Erie County Community College Urban Center in September, 1967. His appointment continued for a period of two years until it was terminated by the Urban Center in August, 1969, allegedly because of philosophical differences between peti-

tioner and the board of directors of the institution. At that time petitioner had taught two full school years and his status was as a nontenured but full-term appointee. The petitioner instituted this article 78 proceeding, seeking reinstatement and back pay. Petitioner's status as a term appointee is conceded by respondent Shenton, president of the college, but respondents contend, nonetheless, that procedural rights are not available to a faculty member who is not to be rehired at the conclusion of his yearly appointment. Such conclusion is overly broad. Respondent correctly concludes that nontenured appointees may be terminated without a hearing and without the necessity of a statement of the reasons therefor (see, e.g. *Legislative Conference of the City Univ. of N. Y.* v. *Board of Higher Educ. of City of N. Y.,* 38 A D 2d 478; *Matter of Pinto* v. *Wynstra,* 22 A D 2d 914; *Matter of McMaster* v. *Owens,* 275 App. Div. 506). The requirement that notice of termination be accorded a term appointee is not thus obviated, however. The faculty handbook requires that written notice be given term appointees as to whether their appointments will be renewed not later than February 15. Further, the regulations under the Education Law require written notice to a term appointee who has served for two years, as petitioner had, not later than December 15 (8 NYCRR 335.9). Petitioner was not given notice of his termination until May, 1969 and even this was informal. No written notice was communicated until actual termination. Therefore, the decision not to rehire petitioner for the academic year 1969-1970 was defective for lack of timely notice (*Matter of Rosen* v. *Board of Higher Educ. of City of N. Y.,* 27 A D 2d 80, affd. 19 N Y 2d 970). Since respondent had the right to terminate petitioner without stating reasons therefor, reinstatement is inappropriate. The purpose of the notice requirement is to provide appointees who are not being hired with an opportunity to look for other employment. We conclude that petitioner is entitled to an award for the amount of his salary for the academic year 1969-1970, the year in which he would have worked had he not been improperly terminated, less the amount of any earnings he received that year. The matter is remitted, therefore, to the Erie County Grievance Board for proof of damages. (Review of determination discharging petitioner, transferred by order of Erie Special Term.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.