In the Matter of the Arbitration between FAYETTEVILLE-MAN-LIUS CENTRAL SCHOOL DISTRICT, Respondent-Appellant, and FAYETTEVILLE-MANLIUS TEACHERS ASSOCIATION, Appellant-Respondent.

Fourth Department, February 24, 1976

*Bernard F. Ashe (Richard Heffern* of counsel), for appellant-respondent.

*Mackenzie, Smith, Lewis, Michell & Hughes (John Lawton* of counsel), for respondent-appellant.

MEMORANDUM. Special Term properly confirmed that portion of the arbitrator's determination which awarded grievant, a teacher, lost salary for the 1974-1975 school year and properly modified the award by vacating the provision for reinstatement for the 1975-1976 school year, pursuant to CPLR 7511 (subd [c], par 2) (see *Matter of Alberti v County of Erie,* 46 AD2d 725). An award may be vacated under CPLR 7511 (subd [b], par 1, cl [iii]) if the arbitrator acted outside the limits authorized by the arbitration agreement, which is the foundation of his authority and jurisdiction, or, where the arbitrator's construction of the agreement is completely irrational and, in effect, makes a new contract for the parties *(Lentine v Fundaro,* 29 NY2d 382, 385; *Matter of Granite Worsted Mills [Cowan],* 25 NY2d 451, 456-457; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383). Considering the contractual provision concerning timely notice of denial of tenure and termination of services to be accorded grievant found breached by the school district, there being no deprivation of any other substantive right, the award of loss of salary for the 1974-1975 school year completely satisfies any damage sustained by grievant. However, the award of reinstatement for the 1975-1976 school year, bearing no rational connection to the contractual provision found breached by the school district, constitutes a determination beyond the submission and in excess of arbitrator's power.

CARDAMONE, J. (concurring). I concur with the majority that the arbitrator's award was correctly modified by Special Term. I would add, however, that petitioner must be accorded her statutory rights pursuant to section 3031 of the Education Law and her contractual right under section D of article IX of the collective bargaining agreement. Petitioner is entitled under the statute to notice of the recommendation denying her tenure and may request a written statement of the reasons for the said recommendation, and she is entitled to file a written response to such statement (Education Law, § 3031). The collective bargaining agreement, which is binding

upon the respondent school board, expands petitioner's statutory rights by granting to a teacher who has completed at least two and one-half years, employment in the district, the right to demand a hearing (collective bargaining agreement, art IX, § D[1]). Since petitioner was denied these statutory and contractual rights, merely granting her back pay for 1974-1975 does not make her whole. While the arbitrator acted in excess of his power in reinstating petitioner for the full 1975-1976 school year, nonetheless, petitioner must be placed in the status she occupied immediately prior to her dismissal in order to be accorded the full panoply of statutory and contractual rights to which she is entitled.

GOLDMAN, J. (dissenting). The majority properly concludes, as did Special Term, that the school district did not give timely notification to the grievant teacher, Ms. O'Neil, of denial of tenure and consequent dismissal. I cannot agree that the arbitration award should not be confirmed in every respect. I depart from the majority's determination that payment to the teacher for the year for which she was unemployed made her whole, that the arbitrator's grant of an additional probationary year was tantamount to an alteration of the collective bargaining agreement and exceeded the arbitrator's powers and should, therefore, be vacated under CPLR 7511.

The underlying facts are essentially undisputed. On May 30, 1974 Ms. O'Neil, who was first appointed a probationary teacher in September, 1971, received her tentative teaching schedule for the year 1974-1975. On June 7, 1974 the Governor signed the legislation which revised the tenure law by reducing the maximum term of probationary status from five years to three years, effective October 1, 1974 (L 1974, ch 735, § 3; L 1974, ch 736, § 2). On June 21, 1974 Ms. O'Neil received a formal notice of salary, as did all the teachers who were to teach during the 1974-1975 school year. Thereafter, the superintendent of the school district received a formal opinion from the district's counsel advising him that all probationary teachers who would complete three or more years of probationary service by October 1, 1974 must be granted tenure, unless prior to that date their services were terminated. The superintendent then notified Ms. O'Neil that her services as a probationary teacher would be terminated on October 1, 1974. The teachers' association, of which Ms. O'Neil is a member, thereupon filed a grievance for Ms. O'Neil, pursuant to the collec-

tive bargaining agreement, and the matter proceeded to arbitration upon the following stipulated controversy: "Did the District give timely notification to Mrs. Karen O'Neil of denial of tenure and consequent dismissal under Article IX, Sections C and D of the 1972-1974 and 1974-1976 agreements between the parties?"

The arbitrator determined that the school district violated article IX, sections C and D of the agreement by failing to give Ms. O'Neil timely notification of denial of her tenure and by its dismissal of her. The award for these violations, the arbitrator determined, was payment for lost time during the 1974-1975 school year and reinstatement for an additional year with probationary status. The school district then commenced this proceeding pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) to vacate the award on the grounds that the arbitrator had exceeded his authority and powers. The school district is appealing from the award of back pay and the teachers' association is appealing from the vacating of the award ordering reinstatement of Ms. O'Neil for an additional year of probationary service.

The school district urges that the arbitrator exceeded his powers because his award invaded the province of the school board in the area of tenure by reversing the school board's decision not to grant tenure *(Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.,* 38 AD2d 478, affd 31 NY2d 926). I find no merit in this contention. The language of the award negates any intention to grant tenure, for the arbitrator specifically directed that grievant be "reinstated for one additional year in *probationary status"* (emphasis supplied). Had the arbitrator attempted to confer tenure, he would clearly have exceeded his power, for "the power to grant tenure is vested exclusively within the province of the Board of Higher Education" *(Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y., supra,* p 479), and in the case at bar in the province of the school district. Absent provision to the contrary in the agreement providing for arbitration, and there is no such contrary provision in the instant agreement, arbitrators are not bound by principles of substantive law or rules of evidence *(Matter of Raisler Corp. [N. Y. City Housing Auth.],* 32 NY2d 274, 282; *Lentine v Fundaro,* 29 NY2d 382, 385). The arbitrator's "duty is to reach a just result regardless of the technicalities" *(Matter of Associated Teachers of Huntington v Board of*

*Educ.,* 33 NY2d 229, 235). The school district cannot success-fully argue that the arbitrator lacked authority to arbitrate Ms. O'Neil's claim that the school district violated the collec-tive bargaining agreement by failing to give her timely notice of its adverse tenure recommendation *(Matter of Board of Educ. of Harrison Cent. School Dist. v Harrison Assn. of Teachers,* 46 AD2d 674). See, generally, *Belmont Cent. School Dist. v Belmont Teachers Assn.* (51 AD2d 653); *Spencerport Cent. School Dist. v Spencerport Teachers Assn.* (49 AD2d 1027); *Matter of Board of Educ. of Enlarged City School Dist. of City of Auburn [Auburn Teachers Assn.]* (49 AD2d 35, 38). Nor can it be claimed that there is any public policy consider-ation which restricted the arbitrator (cf. *Matter of Susque-hanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 616-617).

There are, of course, recognized restrictions imposed upon an arbitrator. An award may be vacated if it exceeds the limitations of the arbitration agreement or if the award is "completely irrational" and, in effect, makes a new agreement for the parties *(Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383; *Matter of Granite Worsted Mills [Cowen],* 25 NY2d 451; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.18). However, even where an arbitrator states an inten-tion to apply a law, and then misapplies it, the award will not be vacated *(Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 235, *supra; Matter of Schine Enterprises [Real Estate Portfolio of N. Y.],* 26 NY2d 799, 801; *Matter of Torano [MVAIC],* 19 AD2d 356, 358, affd 15 NY2d 882). In the instant case the school district has failed to establish that the award was a violation of the collective bargaining agreement, or of any law or that the award was in excess of the arbitrator's authority. If such a result is "unpa-latable" to the school district, it "is the by-product of a consensually adopted contract arrangement" *(Safeway Stores v American Bakery & Confectionery Workers Int. Union Local 111,* 390 F2d 79, 83-84).

The Third Department reached the result I recommend when it reversed a stay of arbitration in a case presenting, *inter alia,* a grievance similar to the case at bar. In the *Matter of Central School Dist. No. 2 (Livingston Manor School Dist.)* (44 AD2d 876) the grievant sought reinstatement with tenure based upon the failure of the school board to notify timely its intention to terminate her services. The board

asserted that the issue was not arbitrable. The court disagreed and held that questions of compliance with notice and timeliness provisions of the agreement are proper issues for resolution by the arbitrator *(Matter of Long Is. Lbr. Co. [Martin],* 15 NY2d 380, 386; *Matter of Associated Teachers of Huntington v Board of Educ., supra).* The court emphasized that reinstatement to a probationary status in no way impinged upon the tenure decision which remained the exclusive right of determination by the school board. We took the same position in *Matter of Board of Educ. of Chautauqua Cent. School Dist. v Chautauqua Cent. School Teachers Assn.* (41 AD2d 47).

The collective bargaining agreement in the instant case contains broad grants of authority to the arbitrator to make a "final and binding" decision. The parameters of the remedy awarded by an arbitrator for a violation of a collective bargaining agreement are indeed very broad *(Matter of Howard & Co. v Daley,* 27 NY2d 285). The authority of an arbitrator, which I submit is determinative of the case at bar, is succinctly stated in *Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO* (32 NY2d 823) in which the court affirmed on the dissenting opinion at the Appellate Division of the First Department (39 AD2d 900). At page 901 it stated: "Particularly, in the arbitration of labor grievances, it is well settled that, unless limited by the plain terms of the submission, the arbitrator is empowered to grant any relief reasonably fitting and necessary to the final determination of the matter submitted to him; and this includes the granting of equitable relief for the direction of the reinstatement, hiring, or classification of a particular employee in a particular position." Moreover, if there is any doubt as to whether the issue of additional probationary status is embraced within the arbitration submission, it should be " 'resolved in favor of coverage' " *(Matter of Fitzgerald [Gen. Elec. Co.],* 23 AD2d 288, 290).

The arbitrator ordered that Ms. O'Neil be reinstated for one additional year in probationary status for the 1975-1976 school year. The institution of this proceeding by the school district has made it impossible for her to be reinstated for the designated year. Fairness requires that she should be given an additional year of probationary service and that she should be paid for the period during which she has been unemployed. The arbitration award should be confirmed in all respects.

MOULE, J.P., SIMONS and MAHONEY, JJ., concur in memo-

randum; CARDAMONE, J., concurs in part in a memorandum; GOLDMAN, J., dissents and votes to confirm arbitrator's award in all respects in an opinion.

Order affirmed, without costs, in a memorandum.