PAVILION CENTRAL SCHOOL DISTRICT, Respondent, v PAVILION FACULTY ASSOCIATION, Appellant.

Fourth Department, February 24, 1976

*Bernard F. Ashe (Emanuel Tabachnick* of counsel), for appellant.

*Harris, Beach & Wilcox (Susan S. Robfogel* and *Richard C. Wesley* of counsel), for respondent.

MAHONEY, J. In this proceeding pursuant to CPLR article 75 to vacate an award in an arbitration proceeding, respondent-appellant, Pavilion Faculty Association (Association), appeals from an order granting petition of petitioner-respondent, Pavilion Central School District (District), vacating award of arbitrator which directed the District to offer an association member (grievant) an additional nontenure accruing probationary appointment for the 1975-1976 school year, and, denying Association's cross motion to confirm the award. At the time of grievant's appointment as a probationary teacher by the District in 1971 the probationary period, as then provided under section 3013 (subd 1, par [a]) of the Education Law, was 5 years. A collective bargaining agreement (agreement) between the District and the Association for the period July 1, 1973 through June 30, 1975 governed grievant's terms and conditions of employment. The agreement under article XXIV, entitled Fair Dismissal Procedure, required notice of intention not to grant tenure be given probationary teachers on or

before April 1 following the fifth probationary year; and, further, limited dismissal review under the agreement's grievance procedure provisions to whether contract procedures were correctly and timely followed.

The agreement also provided under article XIV for teacher evaluation, providing, *inter alia,* that probationary teacher shall be observed at least twice annually with written evaluations thereof and discussions to be had thereon, and that opportunity and assistance be accorded to correct any deficiencies.

In addition, article VI of the agreement provided for grievance procedures of any alleged violations of the agreement or any dispute with respect to its meaning or application, with procedural steps to be followed for administrative resolution, failing which binding arbitration is accorded. In connection with such arbitration, it was specifically provided that the arbitrator shall have no power to alter, modify, add to or subtract from the provisions of the agreement.

Against this contractual background we resume the factual summarization of grievant's experience with the District. In February, 1974 grievant applied for and was granted by the District a one-year maternity leave for the 1974-1975 school year, provision for such leave being provided under article IX of the agreement. Thereafter, during the 1974 session of the Legislature,the legislative revision of the teacher tenure probationary period from 5 years to 3 years was enacted, being signed by the Governor on June 7, 1974 (L 1974, ch 735, eff Oct. 1, 1975). As a consequence thereof, school districts were given until October 1, 1974 to make tenure decisions relative to any teacher who had then completed 3 or more probationary years. Grievant, being in her third probationary year, came within the probationary group classification affected by the amendment which necessitated the District's accelerated determination of grant or denial of tenure prior to October 1, 1974. By letter dated June 25, 1974 grievant was notified that she would not be recommended for tenure, with action thereon to be taken at a special meeting of the school board on July 29, 1974. Upon receipt of this notice, grievant pursued her remedies under the Fair Dismissal Procedure article of the agreement. By letter dated July 30, 1974 grievant was advised that by action of the District Superintendent and the Board of Education her services were terminated August 31, 1974. Grievance procedures provided under the agreement

were thereafter initiated by grievant, culminating in submission by the Association to arbitration of the following grievance: "Regarding the termination of employment of * * * (grievant) * * * there exists a violation of article XIV (C) and Article XXIV (A) of the agreement * * * Redress: Reinstatement of * * * (grievant) * * * as of August 29, 1974." Following a hearing the arbitrator concluded in his Award dated February 18, 1975: "* * * that the District did violate the agreement by failing to offer another year's employment without having given notice of nonrenewal prior to April 1, 1974. The only appropriate remedy is that the District be required to offer the Grievant a one year probationary appointment for 1975-76."

The arbitrator specifically stated the appointment did not create tenure by estoppel. He further concluded: "Since the Grievant was and is on maternity leave status, during the entire current year, since the terms of that leave, as accepted by her, excluded all benefits, and since the Grievant did not challenge these terms, no benefits are required to be paid to the Grievant or for her account for the year 1974-75. No different relief would be appropriate were the Grievant to prevail on her contention that the District violated Article XIV, regarding evaluation and assistance. Accordingly, no decision is made with respect to that claim."

The District thereafter commenced the instant proceeding to vacate the award on the ground that the relief granted by the arbitrator exceeded his power. The Association cross-moved for confirmation of the award. Special Term granted vacatur of the award and denied confirmation, and the Association appeals.

An arbitrator's award cannot be vacated unless there are grounds found in CPLR article 75 (*Matter of Granite Worsted Mills [Cowen]*, 25 NY2d 451, 454). Further, errors of law and fact are not grounds to vacate an arbitrator's decision (*Matter of Associated Teachers of Huntington v Board of Educ.*, 33 NY2d 229, 235; *Matter of Raisler Corp. [New York City Housing Auth]*, 32 NY2d 274, 282; *Lentine v Fundaro*, 29 NY2d 382, 385). One of the permitted grounds for vacating an award, claimed here, is that the arbitrator exceeded his power (CPLR 7511, subd [b], par 1, cl [iii]). The decisions indicate that there are two basic factors to be considered in determining whether an arbitrator has acted in excess of his power; first, was the construction given the contract document by the

arbitrator completely irrational *(Lentine v Fundaro, supra,* p 385; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383), or, second, did the contract agreement itself expressly limit the power of the arbitrator *(Lentine v Fundaro, supra,* pp 385-386; *Matter of Granite Worsted Mills [Cowen], supra,* pp 456-457)? In effect, the question is whether the arbitrator merely interpreted the existing agreement or did he, in fact, give a completely irrational construction to the provisions in the disposition and thereby make a new contract for the parties *(Matter of National Cash Register Co. [Wilson], supra,* p 383).

As was held by the majority in Matter of Fayetteville-Manlius Cent. School Dist. [Teachers' Assn.], (51 AD2d 91), the requirement of rationality extends to the relief awarded by an arbitrator. Absent such rationality, an arbitrator's award is vulnerable to judicial vacatur under CPLR 7511 (subd [b], par 1, cl [iii]), as being in excess of his power. The general principle that, unless specifically limited by plain and express terms of the submission, an arbitrator is empowered to grant any relief reasonably fitting and necessary to a final determination of the matter submitted to him, including equitable and legal relief *(Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO,* 32 NY2d 823, affd on dissenting opn at 39 AD2d 900, 901), is also readily acknowledged. Nevertheless, rationality of the accorded relief remains a prerequisite to an arbitrator's power and authority and upon the facts here presented, it must be concluded that there exists no rational connection between the breach of the contract's notice provision and the arbitrator's remedy directing reinstatement for an additional one-year term for the 1975-1976 school year because the grievant suffered no damages as a result of the breach of the notice provision. Statutorily, at least a 60-day notice is required in the event that tenure is to be denied (Education Law, §§ 2573, 3012, 3013). The purpose of such time notification requirement is one of fairness and to accord probationary teachers a reasonable period of time, prior to expiration of their probationary period, to enable them to make appropriate plans for the forthcoming school term *(Matter of Weinbrown v Board of Educ.,* 28 NY2d 474, 477; *Board of Educ. v Byram Hills Teachers' Assn.,* 74 Misc 2d 621, 623). Under the parties' collective bargaining agreement, by virtue of article XXIV (A) pertaining to notice of denial of tenure, such time notification

requirement was increased, according affected probationary teachers a greater "lead time". This was the contractual provision which the arbitrator determined to have been breached by the District. As was held in *Matter of Fayetteville-Manlius Cent. School Dist. (O'Neil) (supra)*, absent deprivation of any other substantive right, an arbitrator's award directed to satisfaction of a grievant's damage resulting from such breach of time notification requirement limited to the immediate subsequent school year, was rational and was clearly within his power and authority. However, in the instant case we are confronted with a particular fact situation of grievant's maternity leave status for the 1974-75 school year, the school year immediately subsequent to the District's breach of notification of denial of tenure. Bearing in mind the purpose of such contractual notice provision being to accord "lead time" to secure other employment, and the maternity leave status of grievant whereby she had effectively removed herself from the 1974-1975 teacher employment market, such fact obviated as to her the purpose of the notification provision. As a result no claim of damage to grievant for the District's breach could be sustained and the arbitrator's decision exceeded his powers and was properly vacated by Special Term.

This determination does not conclude our consideration of this case. The grievance alleged breach of not only the time notification requirement of denial of tenure by the District as provided under article XXIV of the agreement but, in addition, alleged the District's violation of the teacher evaluation provisions of article XIV (C) of the agreement. The arbitrator, in making no determination of this claim, observed: "No different relief would be appropriate were the Grievant to prevail on her contention that the District violated Art. XIV requiring evaluation and assistance." The validity of such observation is dependent upon the arbitrator's direction, according grievant an additional one-year probationary term, being sustained. Having determined that such award and direction by the arbitrator was properly vacated because it was in excess of his power, we are confronted with an unresolved question, namely, did the District violate the contractual provision for teacher evaluation and assistance? The record does reflect the finding by the arbitrator that two evaluation reports of grievant dated October 10, 1973 and January 11, 1974 were made during the 1973-1974 school year. Such reports would indicate compliance by the District

with the provision contained in article XIV (H) of the agreement requiring that probationary teachers shall be observed at least two times annually. However, the teacher evaluation provisions of the agreement under article XIV (C) require, in addition to performance observation and written evaluation, that grievant be "given an opportunity and assistance to correct any deficiencies". Should grievant establish the alleged violation by the District in failing to accord her corrective opportunity and assistance, constituting as it does a deprivation of a substantive contractual right, it may well be that a fitting and rational remedy for such breach would be reinstatement for an additional nontenure accruing probationary year, during which time the District could properly comply with the required evaluation procedures. In view of the deficiency in the record as to a determination of such violation by the District, the proceeding is remitted to the arbitrator for resolution of such claimed violation.

MARSH, P.J., MOULE and SIMONS, JJ., concur; GOLDMAN, J., concurs under constraint of *Matter of Fayetteville-Manlius Cent. School Dist. (Fayetteville-Manlius Teachers Assn.)* (51 AD2d 91).

Order modified and as modified affirmed, without costs and proceeding remitted to arbitrator for further proceedings in accordance with opinion by MAHONEY, J.