■ NORTH SYRACUSE CENTRAL SCHOOL DISTRICT, Appellant, v NORTH SYRACUSE EDUCATION ASSOCIATION, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: In this case an arbitrator awarded grievants back pay and then directed their reinstatement effective at a point in time subsequent to the expiration of the collective bargaining agreement from which the arbitrator· derived his authority to act. The question pre-

sented on this appeal is whether such reinstatement exceeds the arbitrator's authority. We believe that it does. The North Syracuse Education Association (Association) appeals from a judgment at Special Term which partially granted petitioner's, North Syracuse Central School District (School District) application to vacate the arbitrator's award. Special Term modified the award by deleting the arbitrator's direction that certain grievants (members of the Association) be reinstated in their former position as employees of the School District at the outset of the 1976–1977 school year. The School District has cross-appealed from that portion of the order which confirmed a portion of the arbitration award. The parties on this appeal had entered into a collective bargaining agreement on September 9, 1974 which was effective from July 1, 1974 through June 30, 1976. The agreement provided for a grievance procedure consisting of four levels culminating in the submission of outstanding and unresolved disputes to "final and binding" arbitration. In the preparation of its budget for the 1975–1976 school year, the School District in the interest of reducing costs voted to abolish certain positions and programs. Included in the positions eliminated in the school budget and submitted to the voters in the district on June 11, 1975 were those which are the subject of this litigation, viz., 13 school nurses-teachers, 4 driver education teachers, 2 guidance counselors and a part-time reading teacher. Along with the budget, propositions were submitted to the voters. These propositions provided for the reinstatement of these specialist positions and for the authorization of additions to the budget to cover the cost. The district voters approved the budget, but defeated each of the propositions relating to the reinstatement of the specialist teaching positions. Accordingly, the employment of the specialist teachers was terminated. A grievance was brought by the Association on behalf of the discharged employees. Failing a resolution of the dispute through the prearbitration steps of the grievance procedure, the grievance was referred by the Association to arbitration. The School District's motion to stay arbitration was denied on November 5, 1975. The matter was thereafter heard by an arbitrator designated by the American Arbitration Association upon the following stipulated issue: "Did the school district violate its 1974–76 contract agreement with the Association when it abolished the positions of 13 school-nurses teachers, 4 driver education teachers, 2 guidance counselors and a reading teacher? If so, what shall the remedy be?" On April 19, 1976 the arbitrator issued a partial decision in which he sustained the grievance of the discharged personnel with the exception of the part-time reading teacher. Since he did not have sufficient evidence to assess the damages sustained by the discharged personnel he took further proof and, on July 13, 1976, issued his final decision which awarded back pay to the discharged employees and also reinstated them to their positions for the 1976–1977 school year. On this appeal the School District contends that the district cannot legally expend funds to reinstate programs once the budget has been submitted to and approved by the voters. The issue submitted, however, is properly within the purview of arbitration since the dispute involves the terms and conditions of employment under the collective bargaining agreement. Here the arbitrator considered the financial resources of the district and specifically found that it had the financial resources to fund the specialist positions. Such a contract provision (art 75 of the contract) is neither illegal nor violative of public policy *(Board of Educ. v Yonkers Federation of Teachers,* 40 NY2d 268; *Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614; cf. *Board of Educ. v Areman,* 41 NY2d 527). Having so determined, the

arbitrator was correct in determining that article 75 of the contract was a proper basis upon which to ground arbitration. The merits of the dispute are, of course, for the arbitrator and not the court. We find that the arbitrator exceeded his authority in this case by awarding reinstatement of the discharged émployees for the school year 1976–1977, which was beyond the duration of the contract under which the arbitration was held (CPLR 7511, subd [c], par 2). Both reinstatement of a discharged employee and payment to him of back salary are proper remedies in an appropriate case (Matter of British Overseas Airways Corp. v International Assn. of Machinists & Aerospace Workers, AFL-CIO, 39 AD2d 900, revd 32 NY2d 823). Further, an arbitrator may act after the termination date of a contract to determine the existence of a violation occurring during the contract period or take such action as may be necessary to make the injured individual whole for any loss he may have suffered during a contract period. Consonant with these principles the Court of Appeals has permitted temporary reinstatement in order for the grievant to be evaluated in accordance with the procedures in the collective bargaining agreement (Matter of Fayetteville-Manlius Cent. School Dist. [Fayetteville-Manlius Teachers' Assn.], 51 AD2d 91, revd 41 NY2d 818; Simon v Boyer, 41 NY2d 822; Matter of Cohoes City School Dist. v Cohoes Teachers Assn., 40 NY2d 774; Board of Educ. v Bellmore-Merrick United Secondary Teachers, 39 NY2d 167). We observe, however, that in the cited cases the mere award of back pay would not make the grievant whole and reinstatement to probationary status was the only means to assure grievant contractual and statutory rights. Here the contractual and statutory rights afforded grievants may be fully accorded them and the discharged grievants could be made whole by the award of back pay during the life of the contract. Article 15 of the contract enjoins the arbitrator from adding to, modifying or substracting from the agreement. Thus, we can find no reason to extend the arbitrator's remedial power under the circumstances of this case beyond the expiration of the contract from which he derives his authority. We conclude, therefore, that the arbitrator exceeded his power in contravention of article 15 of the agreement by the additional award of reinstatement beyond the life of the contract. (Appeals from judgment of Onondaga Supreme Court—arbitration award.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.