■ In the Matter of the KENDALL CLUB POLICE BENEVOLENT ASSOCIATION, Appellant, v CITY OF JAMESTOWN, Respondent.—Order unanimously reversed, with costs, and motion granted. Denman, J., not participating. Memorandum: Appellant Kendall Club Police Benevolent Association (PBA) appeals from an order denying its motion to confirm an arbitrator's award and granting the cross motion by respondent City of Jamestown to vacate and set aside the award. Patrolman Richard Nelson was transferred from his position in the Traffic Bureau of the Jamestown Police Department. Claiming that the transfer to a lower paying position was in violation of seniority and leave provisions of the collective bargaining agreement between the PBA and the city, Nelson filed a grievance challenging the transfer. When the informal grievance process failed to produce a resolution, the matter moved to arbitration. An arbitrator was duly selected and an evidentiary hearing held. The parties submitted three issues to the arbitrator by stipulation: (1.) Was the grievance arbitrable? (2.) If so, was Patrolman Nelson transferred to a lower paying position in the police department in violation of the collective bargaining agreement? (3.) If so, what shall the remedy be? Since the parties chose to submit the matter to arbitration, in the absence of "complete irrationality", CPLR 7511 prohibits judicial revision of the award *(Lentine v Fundaro,* 29 NY2d 382, 383). The arbitrator found that Nelson had been transferred to a lower-paying position as a penalty for exercising leave and vacation time rights guaranteed him by the collective bargaining agreement and that the only reason for his transfer was a complaint by his superior Lt. Clarkson to the chief of police two days before the transfer that he was taking too much time off. The record provides a rational basis for the arbitrator's determination. No proof was submitted regarding any specific infraction of police department rules or procedure by Nelson that had either been documented by his immediate superior or investigated by the chief of police, thereby warranting the conclusion that his transfer was brought about solely by reason of his exercise of bargained-for leave rights under the agreement which would be nullified if the exercise of such rights could be grounds for disciplinary

action. This is particularly true in view of a consistent line of testimony characterizing Nelson's work quality as good to excellent. The determination of the arbitrator is supported by the record and should be confirmed. Having sustained the grievance the arbitrator properly ordered that Nelson be reassigned to the traffic bureau and be made whole for any lost earnings and benefits incurred as a result of his wrongful transfer, that Lt. Clarkson's November 24, 1976 evaluation be expunged from Nelson's file and that any future evaluation of him be done objectively, with deficiencies to be documented and brought to Nelson's attention prior to any future disciplinary transfer or reassignment. (Appeal from order of Chautauqua Supreme Court—arbitration.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.