■ In the Matter of the Arbitration between ARONSON TEXTILE CORPORATION, Respondent, and GENE OSTROW OF CALIFORNIA, INC., Appellant.— Appeal from order and judgment (one paper) of the Supreme Court, New York County, entered April 3, 1979, granting respondent's motion to confirm an arbitration award against appellant in sum of $35,267.44, with interest, costs and disbursements, and denying appellant's cross motion to vacate the award, unanimously dismissed as academic, without costs or disbursements. Order of the Supreme Court, New York County, entered April 19, 1979, denying appellant's motion for leave to reargue and renew its motion to vacate the arbitration award is deemed an order on a motion to renew. The order is unanimously modified, on the law, so as to strike therefrom the provision awarding judgment against counsel for appellant in sum of $250 and otherwise affirmed, without costs or disbursements. Appellant is directed to pay the costs at Special Term on its said motion to "reargue and renew." Contrary to the assertion of appellant, the award is not violative of

CPLR 7511. Although appellant contends that the arbitrators failed to recognize in the award a credit of $13,530.25 in favor of appellant, the record demonstrates that the arbitrators at no time precluded appellant from offering evidence in support of the claim. In fact, evidence thereof was submitted. Both appellant and M. C. G., Inc., a corporation controlled by appellant, purchased merchandise from respondent but did not pay for same. The parties thereafter agreed that whatever merchandise was still unused would be sold, the proceeds to be credited against the money due respondent. The merchandise was sold and the credit, amounting to $13,530.25, was applied by respondent against the amount due from M. C. G., Inc. In the arbitration proceeding, appellant contended that appellant rather than M. C. G., Inc., was entitled to some or all of this credit, to be applied against sums due from appellant. It appears that the arbitrators did not agree with appellant's argument, for the award did not reduce appellant's obligations to respondent by the amount of the credit. Arbitration by its very nature is an informal proceeding. Arbitrators are not expected to deal with issues with the degree of specificity required in formal court proceedings (*Matter of Spectrum Fabrics Corp. [Main St. Fashions]*, 285 App Div 710, 714-715, affd 309 NY 709). "Arbitrators may do justice * * * short of 'complete irrationality', 'they may fashion the law to fit the facts before them' ". (*Lentine v Fundaro*, 29 NY2d 382, 386.) The award appears to have a rational basis and is not to be disturbed (*S & W Fine Foods, [Office Employees Int. Union, Local 153, AFL-CIO]*, 7 NY2d 1018; *Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383; *Lentine v Fundaro, supra*, pp 385-386; CPLR 7511, subd [b], par 1, cls [i], [iii]). The second paragraph of the award provides that "With respect to the counterclaim of GENO against ARONSON, same is hereby denied in its entirety" and in the fourth paragraph that "This award is in full settlement of all claims and counterclaims submitted in this Arbitration." In the circumstances presented, the fact that the disposition of appellant's claim for this credit was not specifically mentioned in the award does not support appellant's contention that the arbitrators imperfectly executed the award (CPLR 7511, subd [b], par 1, cls [i], [iii]) or that the matter should be returned to the arbitrators for clarification. The court abused its discretion in imposing $250 costs upon the attorney for appellant. While costs may be imposed in extreme circumstances (see *Allen v Fink*, 211 App Div 411, 414-415, mod on other grounds 213 App Div 845; 8 Weinstein-Korn-Miller, NY Civ Prac, par 8106.06; CPLR 8106) such action appears unwarranted. Whether counsel's belated motion be deemed one for reargument or renewal, such attempt by counsel for reconsideration was not so unusual as to justify the imposition of costs of $250. Appellant should be taxed with the ordinary bill of costs to which it became subject as the unsuccessful party on its motion for "reargument and renewal." Concur—Birns, J. P., Sandler, Bloom, Lane and Lupiano, JJ.