■ JOSEPH COPPOLINO, Respondent, v MEGA HOLDING CORP., Appellant. — In an action wherein plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213, defendant appeals from (1) an order of the Supreme Court, Kings County (Jordan, J.), entered October 18, 1979, which granted reargument of plaintiff's motion for summary judgment, which had been denied by order dated May 21, 1979, vacated said order and granted summary judgment to the plaintiff in the principal sum of $76,050.12 and (2) a judgment of the same court entered thereon on October 23, 1979. The appeals bring up for review so much of an order of the same court dated January 7, 1981, as, upon granting reargument, adhered to the determination granting the motion for summary judgment. Appeals from order entered October 18, 1979 and judgment entered October 23, 1979 dismissed as academic, without costs or disbursements. The order and judgment were superseded by the order dated January 7, 1981. Order dated January 7, 1981 reversed insofar as reviewed, without costs or disbursements, order entered October 18, 1979 and judgment entered October 23, 1979 vacated and motion for summary judgment denied. There is an issue of fact as to whether plaintiff was purely an accommodation obligor, or whether the delivery of 5,000 shares of stock of the defendant corporation to plaintiff's wife, possibly together with other considerations, were either in consideration of plaintiff's agreement to provide security for defendant's loans from Banco de Ponce or in reduction of plaintiff's claim against defendant for indemnification. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ FORT NECK OIL TERMINALS CORP., INC., Respondent, v SCALLOP CORPORATION, Appellant. — In a proceeding pursuant to CPLR article 75 to confirm an arbitrator's award, the appeal is from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered November 26, 1980, which, *inter alia,* granted the petition. Judgment affirmed, with costs. On the record before us we cannot say that the arbitrator has exceeded his power by giving a completely irrational construction to the parties' agreement (see *Lentine v Fundaro,* 29 NY2d 382; cf. *Matter of Shand [Aetna Ins. Co],* 74 AD2d 442). We have considered appellant's remaining contentions and find that they are without merit. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.

■ FRIEDMAN & FRIEDMAN FOOD SERVICE EQUIPMENT, INC., Plaintiff, v MIDLAND MANOR HOME FOR ADULTS, Defendant and Third-Party Plaintiff-Respondent, et al., Third-Party Defendants. ALLAN PULLMAN, Third-Party Defendant-Appellant. (Action No. 1.) BELAIR MANOR HOME FOR ADULTS, Respondent, v SIDAL REALTY CORP. et al., Defendants, and ALLAN PULLMAN, Appellant. (Action No. 2.) — Two judgments (one in each action) of the Supreme Court, Kings County, both entered October 24, 1980, affirmed, with one bill of costs, for the reasons set forth in the memorandum decision of Mr. Justice Monteleone at Trial Term. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.