In the Matter of the Arbitration between STEVEN DARMAN et al., Respondents, and ARTHUR LUSTGARTEN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered September 27, 1983 in Tompkins County, which granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

In July, 1979, respondents Arthur Lustgarten and Richard Goldman and petitioner Steven Darman formed a corporation, D.L. & G. Audio, Inc., which was engaged in the operation of a Tech Hi Fi store in the City of Ithaca, Tompkins County. By November, 1980, disputes had developed among the parties regarding some corporate funds in the sum of $8,200, which petitioner Darman had allegedly taken. To resolve this matter, the three men entered into an agreement, dated November 18, 1980, wherein they agreed that the appropriated funds would constitute loans and advances by the corporation to petitioner Darman. They also agreed that they would prepare and execute a mutually acceptable buy/sell agreement so as to determine the extent of each man's equity in the corporation. However, if they were unable to arrive at such an agreement within six weeks, they would submit the matter to arbitration.

The parties were ultimately forced to submit to arbitration. In a decision dated May 23, 1983, the arbitrators concluded that petitioner Darman owned 14% of the stock; the panel further devised a "comprehensive buy/sell agreement" which included a clause providing for the control of the corporation. It stated that the three shareholders would constitute the sole directors of the corporation and require unanimous shareholder approval for, *inter alia,* the release of a selling shareholder. It is the inclusion of this "control clause" which gave rise to the instant appeal. Special Term confirmed the arbitrators' award. This appeal by respondents ensued.

It is respondents' contention on this appeal that the arbitrators exceeded their authority when they included the control clause in the buy/sell agreement and that Special Term should have ordered the clause to be stricken. They point to CPLR 7511 (subd [c], par 2), which states that a court shall modify an

arbitration award if "the arbitrators have awarded upon a matter not submitted to them". Respondents contend that the arbitrators had only been asked to prepare a buy/sell agreement and they argue that the inclusion of a control clause therein went beyond the subject matter submitted to them. We cannot agree.

The record discloses that the parties had submitted to arbitration their need for a "comprehensive" buy/sell agreement. It follows that this invested the arbitrators with the authority to determine what clauses should be contained therein. This is especially true in view of the fact that the submission to the arbitrators in no way restricted the scope of such an agreement.

In submitting to arbitration, the parties implicitly agreed to accept, *inter alia*, the arbitrators' interpretation of the extent of the agreement to arbitrate (*Matter of Board of Educ. [Hess]*, 49 NY2d 145, 153). Having done so without imposing any restrictions on the arbitrators' powers, they may not now object that the arbitrators exceeded these powers and ask this court to intervene (see *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 632). Further, apart from the ground already discussed, the panel's decision may only be reversed if found to be irrational (*Lentine v Fundaro,* 29 NY2d 382, 386), and we cannot conclude that the decision should be interfered with on that basis here.

We are equally unpersuaded by respondents' argument that the control clause contravenes the Business Corporation Law. Its provisions are fully sanctioned by numerous sections of that law (Business Corporation Law, § 702, subd [b] [change in number of directors by shareholder action]; § 702, subd [b], and § 620, subd [a] [voting agreements]; § 702, subd [b] and § 803, subd [a] [amendment of the certificate of incorporation by vote of majority shareholders]).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.