■ NORMAN D. LEVY, Respondent, v IRVING L. SPANIER, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Lonschein, J.), dated May 31, 1989, as, upon confirming the award, *inter alia,* (1) is in favor of the plaintiff and against him in the principal sum of $303,000, (2) awarded the plaintiff one twelfth of any commissions awarded and paid to the executors of the Puro estate in excess of $483,163, (3) awarded the plaintiff 50% of any legal fees collected from the Puro estate after February 15, 1989, and (4) awarded the plaintiff 50% of any fees collected after February 15, 1989, in connection with the representation of Claire Nelson.

Ordered that the judgment is modified, on the law, by adding a provision to the second, third and fourth decretal paragraphs thereof limiting the plaintiff's recovery thereunder to only those commissions and fees collected after February 15, 1989, which represent work performed prior to March 10, 1989, the date of the arbitrators' award; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant has failed to substantiate his claim that valid grounds exist for the vacatur of the arbitrators' award *(see,* CPLR 7511 [b]). The award was not in excess of the arbitrators' powers, inasmuch as the arbitrators did not irrationally construe the parties' partnership agreement, nor did the agreement itself contain an express limitation upon their powers *(see,* CPLR 7511 [b] [1] [iii]; *Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Pavilion Cent. School Dist. v Pavilion Faculty Assn.,* 51 AD2d 119). Similarly, it cannot be said that the arbitrators improperly rewrote the parties' partnership agreement by awarding to the plaintiff a sum which exceeded the value of his interest in the firm as determined by the partnership's accountant. While the partnership agreement contains a provision to the effect that the accountant's calculations would be "final and binding" in the event of the "termination of association of any partner with the partnership for any reason whatsoever", this provision is inapplicable herein because the present case involves the *dissolution* of the partnership rather than the termination of a partner's association with the firm. Dissolution is controlled by another provision of the partnership agreement which does not render the accountant's calculations final and binding.

Additionally, the record does not support the defendant's contentions that there was a miscalculation of figures in the arbitrators' award and that there was a failure to make a definite award upon the subject matter submitted *(see,* CPLR 7511 [c] [1], [2]). The contentions of both sides were presented to the arbitrators, who adjusted the award accordingly.

However, we note that insofar as the arbitrators awarded to the plaintiff a share of certain executor's commissions and legal fees arising from the firm's representation of clients, the judgment appealed from neglected to include a provision limiting the plaintiff's recovery to a portion of only those commissions and fees which represent work performed prior to the arbitration award. Inasmuch as the plaintiff concedes that he is entitled to no more than this, we have modified the judgment accordingly. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.