DE RUYTER CENTRAL SCHOOL DISTRICT, Appellant, v DE RUYTER TEACHERS ASSOCIATION, Respondent.

Third Department, April 13, 1978

### APPEARANCES OF COUNSEL

*William Goldman* for appellant.

*Richard N. Aswad* for respondent.

### OPINION OF THE COURT

MAIN, J.

Petitioner, De Ruyter Central School District, and respon-

dent, De Ruyter Teachers Association, entered into a collective bargaining agreement effective from July 1, 1974 through June 30, 1976 whereby the district agreed to provide health insurance for its employees and pay 100% of the premium for each employee and 50% of the premium for the dependents of each employee with the employee to pay the remaining 50% of the premium for his dependents. Pursuant to this agreement, the district contracted with Mutual Life Insurance Company of New York for the health insurance, and the premium paid on the group health policy for the year 1975 was $22,596.72. Subsequently, it developed that a dividend was returned to the district on the policy for the year 1975 in the amount of $2,296.24, which sum was deposited in the district's general fund, and the instant controversy centers upon the association's contention that such dividend should be proportionately shared with the employees who pay 50% of the premium for coverage of their dependents. In accordance with the bargaining agreement, grievance procedures were conducted on this question, and the dispute was ultimately submitted to arbitration wherein the arbitrator agreed with the association and directed that any dividends on the policy should be proportionately shared by the district with those employees paying for the coverage of their dependents. Special Term confirmed this award, and this appeal followed.

■ We hold that the order appealed from should be affirmed. In so holding, we would initially point out that the district waived any claim that there was no agreement for binding arbitration or that the association was not a proper party thereto by its full participation in the arbitration proceedings (see CPLR 7511; *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377).

■ Turning now to the substance of the arbitrator's award, we agree with Special Term that it was proper and should be confirmed. As noted above, the collective bargaining agreement specifically provided that each employee should pay only 50% of his dependents' health insurance premiums. Reasoning, with ample justification, that dividends received on the group health policy actually constituted a returned portion of the premium paid thereon, the arbitrator concluded that those employees who paid a portion of their dependents' premiums should share proportionately in any dividends returned. In this manner, the percentages established by the parties in their agreement would be maintained, and the employees in

question would pay 50% of their dependents' premiums whether or not any dividends were paid.

In our view, this conclusion of the arbitrator results from a reasonable interpretation of the parties' agreement, and it obviously cannot be said to be "completely irrational" *(Matter of National Cash Register Co. [Wilson], supra,* p 383). Moreover, the result is just and reflects the spirit of the agreement (cf. *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578; *Lentine v Fundaro,* 29 NY2d 382), and, consequently, under these circumstances we cannot agree with the district that the arbitrator exceeded his powers and rewrote the agreement.

Concluding, we would emphasize that employees should share in the dividends to the same extent and percentage as they paid toward the premiums. Although Special Term indicated that 25% of the dividend in the present instance should be distributed to the employees, that percentage is not necessarily correct because its source was the arbitrator's decision wherein the 25% figure was utilized for explanatory purposes only.

The order should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.