■ In the Matter of the Arbitration between LARRY N. HUTCHESON, Appellant, and COUNTY OF CHEMUNG et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered June 27, 1983 in Chemung County, which dismissed petitioner's application pursuant to CPLR 7510 to confirm an arbitration award. ¶ In March, 1982, respondent Sheriff Patrick Patterson of Chemung County demoted petitioner from his position in the "Criminal Investigation Division" to the "Uniform Traffic Division". Alleging that this demotion violated the collective bargaining agreement (agreement) with respondent Chemung County, petitioner initiated the four-step "Grievance Adjustment" procedure as outlined in paragraph 14 of the agreement. The first three steps, including a meeting with the Sheriff, were resolved unfavorably to petitioner. Thereafter, he timely submitted his grievance to a three-member grievance board (board) established by the agreement. ¶ On June 23, 1982, a hearing concerning petitioner's grievance was held

pursuant to the agreement and, following the hearing, both sides presented briefs to the board. By decision dated August 25, 1982, the board, with one member dissenting, "recommended" that petitioner be reinstated to his former position and be made whole with respect to wages and benefits retroactive to March 9, 1982. ¶ Upon respondents' refusal to comply with the board's decision, petitioner made an application pursuant to CPLR 7510 to confirm the arbitrator's award. Respondents answered, alleging, *inter alia,* that there was no clause in the agreement requiring arbitration, binding arbitration or a binding grievance procedure which could subject the board's recommendation to CPLR article 75 confirmation. Special Term agreed with respondents' position, concluding that the agreement did not provide for a binding grievance procedure, nor did the parties confer special authority on the board. This appeal ensued. ¶ Special Term must be affirmed. Contrary to petitioner's contention, the agreement's grievance procedure does not contemplate binding arbitration (see *Matter of Acting Superintendent of Schools [United Liverpool Faculty Assn.],* 42 NY2d 509). Rather, the agreement indicates that the board's decision is advisory only. Indeed, over petitioner's objection, the board itself recognized at the start of the hearing that: "our panel operation here is merely to hear this subject and then to make a recommendation as to our findings. Whatever we do is not binding. It is not an arbitration award per se. It is merely an advisory statement by the Grievance Board". Because the board's recommendation did not legally obligate the parties, but was advisory only, it may not be confirmed and thus transmuted into a binding judgment (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7501:9, pp 263-264). ¶ Petitioner next asserts that respondents, by participating in the grievance procedures before the board, waived any claim that the agreement did not provide for binding arbitration. To support this argument, petitioner relies on *De Ruyter Cent. School Dist. v De Ruyter Teachers Assn.* (62 AD2d 9). In that case, this court stated that "the district waived any claim that there was no agreement for binding arbitration or that the association was not a proper party thereto by its full participation in the arbitration proceedings" *(id.,* at p 10). *De Ruyter,* however, is clearly distinguishable. First, the instant agreement did not provide for binding arbitration. Second, no party herein disputes that the agreement required a hearing and decision by the board. Rather, the dispute is whether that decision is binding. Third, as noted previously, the board made it clear at the outset of the hearing that its decision was not binding but was merely an advisory statement. Thus, respondents herein waived nothing. This case does not present the situation, as in *De Ruyter,* where parties participated in a proceeding which they claim was not required by contract. ¶ The order dismissing petitioner's application should be affirmed. ¶ Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.